UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO AGUILAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | Case No. 23-cv-00527-VC <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 16 |

    This is a suit brought by six Amazon Flex delivery drivers alleging that Amazon misclassified them as independent contractors and violated various wage and hour laws as a result. In the alternative, the drivers allege that if they are independent contractors, Amazon violated California's Investigative Consumer Reporting Agencies Act by conducting unauthorized background checks. ICRAA authorizes background checks for "employment purposes," and the drivers argue that a background check on an independent contractor (as opposed to an employee) is not for "employment purposes." Finally, the drivers seek attorneys' fees incurred litigating their claims.

    The case was originally filed in state court, but Amazon removed it on the basis of diversity jurisdiction. To establish diversity jurisdiction, Amazon must show by a preponderance of the evidence that the amount in controversy for at least one of the plaintiffs exceeds $75,000. *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013). For purposes of this motion, the parties agree that plaintiff Stewart's wage and hour claims put $20,819 in controversy. The question is whether his ICRAA claim and his potential recovery of attorneys' fees push this case over the $75,000 threshold.

First, the ICRAA claim: ICRAA provides for statutory damages of $10,000 per violation, and Amazon argues that the Court should add $5,000 in punitive damages for the purpose of estimating the value of this claim. The plaintiffs argue that the ICRAA claim should not be aggregated with the wage and hour claims because recovery under each theory is mutually exclusive. If the drivers are employees, they can only recover for the wage and hour violations; if the drivers are independent contractors, they can only recover for the alleged ICRAA violations (assuming their theory is viable).

In calculating the amount in controversy, courts do not "aggregate claims…where there can be only one recovery." *Coles v. Oard*, No. CIV. 05-219, 2005 WL 2030830, at *6 (D. Or. Aug. 23, 2005). Courts commonly apply this rule when a plaintiff suffers one underlying harm, but they bring multiple causes of action seeking recovery under different theories. *See, e.g.*, *Villarreal v. Central Freight Lines, Inc.*, No. 17-CV-05496, 2017 WL 4535915, at *3 (C.D. Cal. Oct. 10, 2017). The plaintiffs do not cite to a case where the rule was applied in these circumstances—where a plaintiff seeks to recover for *different* harms with mutually exclusive theories—but the rule's underlying logic counsels against aggregating these claims.

This leaves the question whether the possibility that Stewart will recover his attorneys' fees makes the amount in controversy jump from $20,819 to something higher than $75,000. Under Ninth Circuit precedent, courts must include "future attorneys' fees recoverable by statute or contract" in the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court will apply that precedent here. But first, a word about why it's wrong.

The Ninth Circuit's rule is derived from *Chavez v. JPMorgan Chase*, 888 F.3d 413 (9th Cir. 2018). There, Chavez brought a wrongful termination action in state court seeking (among other things) future lost wages, and the case was removed to federal court. *Id.* at 415. On appeal, Chavez argued that the Ninth Circuit lacked subject matter jurisdiction because the amount in controversy did not include any lost earnings incurred after the time of removal. *Id.* at 417. The Ninth Circuit rejected that argument: It held that the amount in controversy "includes all relief

claimed at the time of removal to which the plaintiff would be entitled if she prevails," including future damages. *Id.* at 418. Relying on this rule, the Ninth Circuit subsequently held that future attorneys' fees must be included in the amount in controversy as well. *See Fritsch*, 899 F.3d at 794.

But there is good reason to distinguish between future damages and future attorneys' fees. "[J]urisdiction must be determined 'at the time of removal, not later.' And, 'at the time of removal,' a plaintiff has no legal entitlement to attorneys' fees that have not yet been billed." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1282 (S.D. Fla. 2019) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)). In contrast, a plaintiff at the time of removal is entitled to future damages: "Put another way, if, one day after removal, a plaintiff were to move for summary judgment—and if, immediately thereafter, the court were to grant that motion—the court would still award the plaintiff his non-speculative future damages." *Id.* at 1283. In *Chavez*, that amount would include future lost wages. "But the court would not, it goes without saying, award…any future, as-yet-unbilled, attorneys' fees." *Id.* So it doesn't follow that just because courts include future damages in assessing the amount in controversy, they should also include future attorneys' fees, too.

More fundamentally, attorneys' fees are not part of a plaintiff's claim. They are something the plaintiff recovers as reimbursement for prosecuting their claim, after judgment is entered on that claim. Thus, attorneys' fees are not part of the "controversy" that gives rise to the lawsuit, and so, as a textual matter, they are not part of the "amount in controversy" within the meaning of 28 U.S.C. § 1332, the statute governing diversity jurisdiction. Of course, this is in contrast to future damages, which are part of the controversy that gives rise to the lawsuit, and therefore part of the "amount in controversy."

In addition, the requirement that courts must include fees in the amount in controversy is impossible to apply in a meaningful, consistent way. "Future fees are hard to estimate, and including such an estimate is incongruous with the bright-line jurisdictional threshold, since fees will vary wildly depending on whether the parties settle a matter early or fight it out through a

jury trial." *Kendall v. Verizon Data Services LLC*, No. 22-cv-05324, 2023 WL 218963, at *1 (N.D. Cal. Jan. 17, 2023). Indeed, the vast majority of cases settle well before trial, but defendants often measure the amount in controversy by including fees through trial. As a result, district courts have no choice but to draw some arbitrary line to determine the amount. And defendants have no idea what cases can be removed to federal court because different judges will inevitably treat the issue differently. On the same facts, one judge might deny a motion to remand, another judge might grant the motion, and yet another judge might determine removal was so baseless that the defendant must pay the plaintiff's attorneys' fees incurred litigating the issue. The Ninth Circuit's rule thus makes things very difficult on litigants, not to mention district courts. It results in a tremendous waste of time and money.

But anyway, applying current Ninth Circuit precedent, Amazon's estimates are (at least in this Court's view) too speculative to support diversity jurisdiction. In its notice of removal, Amazon estimated that Stewart's attorneys would spend 100 hours litigating his claims for an estimated $72,000. In its opposition, Amazon bumped that number up to 135 hours for an estimated $97,200. Amazon's unexplained increase renders its estimates suspect. *See Mejico v. Online Labels, Inc.*, No. 18-cv-02636, 2019 WL 3060819, at *3 (C.D. Cal. July 12, 2019). Nor do Amazon's estimates fully account for the significant cost-savings in this case: This is a straightforward wage and hour suit, there are six drivers bringing the same claims, and Stewart's counsel is litigating similar claims in other jurisdictions. In light of these cost-savings, the plaintiffs' estimate of 36.16 hours (or $26,035.20) is more reasonable (even if it's perhaps low).

Moreover, although the Ninth Circuit requires courts to include future attorneys' fees in the amount in controversy, courts can discount those fees when they are "too speculative" given "the likelihood of a prompt settlement." *Fritsch*, 899 F.3d at 795. To be sure, assessing the likelihood of settlement in any given case is itself an exercise in speculation, but given the money at stake and the claims at issue, this does not seem like a case that the parties are likely to litigate through trial.

Taking all these factors into account, Amazon has not established by a preponderance of

4

evidence that Stewart's attorneys' fees will push the amount in controversy past the jurisdictional threshold, and so the motion to remand is granted. The case is remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: June 15, 2023

VINCE CHHABRIA
United States District Judge